```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON


JAMES F. PIPES,

        Plaintiff,

v.                                Case No. 2:09-cv-00921

CORRECTIONAL MEDICAL SERVICES,
WEXFORD HEALTH SOURCES, INC.,
KEEFE COMMISSARY NETWORK LLC,
DARRELL V. McGRAW, JR., Attorney General,
JAMES RUBENSTEIN, Commissioner,
THOMAS McBRIDE, Previous Warden,
DAVID BALLARD, Warden, and
THE DEPARTMENT OF VETERANS' AFFAIRS,

        Defendants.
```

**PROPOSED FINDINGS AND RECOMMENDATION**

This is a civil rights action in which Plaintiff, an inmate at Mount Olive Correctional Complex ("MOCC"), alleges that Defendants were deliberately indifferent to his serious medical needs. The condition which Plaintiff claims to be a serious medical need is severe foot pronation syndrome. Plaintiff also raises issues concerning various conditions of his confinement, which will be addressed summarily. Plaintiff has filed a motion for immediate injunctive relief (docket # 6), in which he seeks an order that MOCC permit him (and all inmates) to make as many copies of documents as they wish, free of charge.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court

screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.  In Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955, 1968-69 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Id. at 1964-65.

The Supreme Court elucidated its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombley*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombley*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim

> for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

Plaintiff's complaint alleges that his foot pronation was treated successfully in the past (prior to his incarceration) by his wearing special medical shoes and special inserts for his running shoes. (Complaint, # 1, at 7.) He claims that Correctional Medical Services ("CMS") and Wexford Health Sources ("Wexford") have refused to replace the shoes and inserts, resulting in exacerbation of his discomfort. Id. at 8-9. Plaintiff makes allegations against CMS back to 2004. He asserts that his shoes have worn out and that he cannot afford to purchase shoes from the prison commissary. Id. at 12. Other claims made by Plaintiff relate to the commissary itself and its contract with the State, the charge for making copies, staff's refusal to place him on "Old and Infirm Status," the grievance procedure, his cell and

---

[1] A motion to dismiss has not been filed in this case yet. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

the refusal of the Department of Veterans' Affairs to provide medical service to him while he is incarcerated. The detail and breadth of Plaintiff's claims are best illustrated by his prayer for relief. The relief Plaintiff seeks is:

- To order Wexford and MOCC to send Plaintiff to an outside foot specialist for replacement of his special shoes and inserts
- To order Wexford and MOCC to replace his running shoes
- To order Wexford to give Plaintiff a bottom bunk and a double mattress
- To order Wexford and MOCC to place Plaintiff in "Old and Infirm Status" back to his 55th birthday (August 18, 2007)
- To order Wexford to send Plaintiff to a specialist for a CT scan or MRI
- To order MOCC to pay Plaintiff's cellmate extra money for making Plaintiff's bed and to hire a handicap assistant to make Plaintiff's bed for him
- To order Wexford and MOCC to place Plaintiff in a single cell because of his claustrophobia
- To order MOCC to stop charging for copies, to permit Plaintiff to make all the copies he needs, and to give Plaintiff extra time in the law library
- To appoint counsel for Plaintiff
- To order the Clerk of this Court to make Plaintiff's copies for him
- To order the State of West Virginia to take responsibility for its inmates
- To prohibit State contracts with kickbacks
- To order the prisons and jails to send its inmates who are veterans to VA hospitals
- To order the State to transport all non-veteran inmates to outside specialists
- Compensatory damages of $1,000,000 per defendant
- Punitive damages of $3,000,000 per defendant
- Extra compensatory damages for pain and suffering
- A complete physical examination at State expense by an outside specialist
- Knee replacement surgery
- Hemorrhoid surgery and diverticulitis treatment
- Eliminate the co-payment system

Virtually all of Plaintiff's claims and his prayer for relief constitute requests that the court undertake administration of

MOCC.  Federal courts are discouraged from interfering with the daily operations and administration of state correctional facilities.  See Bell v. Wolfish, 441 U.S. 520, 562 (1979) (warning courts against becoming "enmeshed in the minutiae of prison operations").  Inquiry of federal courts into prison management must be limited to the issue of whether a particular administrative action violates the federal Constitution.  Id.  Plaintiff's unhappiness with his work status, cell, shoes, various charges for copying and medical care, time in the library and other matters are simply the minor deprivations and discomforts attendant with incarceration.  As stated in Farmer v. Brennan, 511 U.S. 825, 831 (1994), "[t]he Constitution 'does not mandate comfortable prisons,' Rhodes v. Chapman, 452 U.S. 337, 349 (1981), but neither does it permit inhumane ones."  While prison officials have a duty to insure that inmates receive adequate food, clothing, shelter, and medical care, prison conditions may be restrictive and even harsh. 511 U.S. at 833.

Addressing Plaintiff's claim relating to his feet, the court applies the familiar standards established by the appellate courts. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also

5

Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Munic. of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990). A serious medical need poses a substantial risk of serious injury to health and safety, Young v. City of Mount Ranier, 238 F.3d 567, 576 (4th Cir. 2001), or is "sufficiently serious . . . to require medical treatment." Brice v. Virginia Beach Correctional Ctr., 58 F.3d 101, 104 (4th Cir. 1995).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. See Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. See id. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. See Estelle, 429 U.S. at 106.

Miltier, 896 F.2d at 851-852.

An inmate alleging an Eighth Amendment violation based on inadequate medical care must show that a prison official subjectively "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). It is not enough under this

standard that the inmate was the victim of negligence or even medical malpractice, and "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins 766 F.2d 841, 849 (4th Cir. 1985).

The undersigned proposes that the presiding District Juge **FIND** that Plaintiff's complaint fails to state a claim upon which relief can be granted because the condition of his feet does not constitute a serious medical need and because his other allegations concerning prison conditions at MOCC do not rise to the standard set forth in Farmer v. Brennan.

Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief can be granted, that Plaintiff's application to proceed without prepayment of fees and costs (docket # 2) be **DENIED**, and that Plaintiff's motion for immediate injunctive relief (# 6) be **DENIED.**

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of

objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

November 25, 2009
Date

Mary E. Stanley
United States Magistrate Judge

8